```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| DELTA COATINGS, INC. | CIVIL ACTION |
| VERSUS | NO. 06-6387 |
| INSURANCE UNDERWRITERS,<br>LTD., ET AL. | SECTION "R"(5) |

This order also applies to the following civil actions.

| | |
|---|---|
| EAST BANK PRIMARY CARE<br>ASSOCIATES | CIVIL ACTION |
| VERSUS | NO. 06-7500 |
| USI GULF COAST, ET AL. | SECTION "R"(4) |

| | |
|---|---|
| LEE J. GUICE, JR. | CIVIL ACTION |
| VERSUS | NO. 06-10753 |
| ALLSTATE INSURANCE CO.,<br>ET AL. | SECTION "R"(1) |

## ORDER AND REASONS

Before the Court are motions to remand the above-listed cases. Because these motions concern identical questions of law, the Court has consolidated its ruling in these matters for the

sake of efficiency.  For the following reasons, the Court GRANTS plaintiff's motion in Civ. Docket No. 06-10753, and DENIES plaintiffs' motions in Civ. Docket Nos. 06-6387 and 06-7500.

## I.   BACKGROUND

Plaintiffs in these cases are Louisiana property owners who suffered damage to their property during Hurricane Katrina and who have sued their insurance providers under their homeowner's or commercial property policies.  Plaintiffs in all of the actions listed above have sued both their insurance providers and the agents who sold and/or renewed their policies.  The insurance providers lack citizenship or a principal place of business in Louisiana.  The insurance agents are citizens of Louisiana.  As such, the parties are not completely diverse, a requirement for a federal court to have jurisdiction under 28 U.S.C. § 1332.  *See McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004).  Plaintiffs filed their claims in Louisiana state court, and defendants then removed them.  Plaintiffs have filed motions to remand these matters to state court.  In all of the cases, defendants assert that federal jurisdiction is proper under diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the nondiverse insurance agent defendants have been joined improperly.  When the Court finds that it has jurisdiction over a

case on this basis, the Court need not address defendants' alternative theories for why federal jurisdiction is appropriate in that matter.

## II. LEGAL STANDARDS

### A. Applying Louisiana Law

Because jurisdiction is based on diversity, Louisiana law applies to the substantive issues before the Court. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). In Louisiana, the sources of law are legislation and custom. *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 546 (5th Cir. 2004). These authoritative or primary sources of law are to be "contrasted with persuasive or secondary sources of law, such as [Louisiana and other civil law] jurisprudence, doctrine, conventional usages, and equity, that may guide the court in reaching a decision in the absence of legislation and custom." *Id.* (*quoting* La. Civ. Code art. 1). In Louisiana, "courts must begin every legal analysis by examining primary sources of law: the State's Constitution, codes, and statutes." *Id.* (*quoting Prytania Park Hotel, Ltd. v. General Star Indem. Co.*, 179 F.3d 169, 174 (5th Cir. 1999)). To make an 'Erie guess' on an issue of Louisiana law, the Court must "employ the appropriate Louisiana methodology" to decide the issue the way that it

believes the Supreme Court of Louisiana would decide it.  *Id.* (*quoting Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 197 (5th Cir. 2003)).

    **B.**    **Removal**

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed.  *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995).  Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal.  28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

    **C.**    **Improper Joinder**

When a nondiverse party is properly joined as a defendant, a defendant may not remove under section 1332. However, a defendant may remove by showing that the nondiverse party was improperly joined. *Smallwood v. Il. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003). Because the doctrine is a narrow exception to the rule of complete diversity, the burden of demonstrating improper joinder is a heavy one. *Id*. Improper joinder may be established by showing the inability of the plaintiff to establish a cause of action against the nondiverse defendant.[1] *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003). In *Ross*, the Fifth Circuit clarified the standard for finding improper joinder when a defendant alleges that plaintiff is unable to state a claim against the nondiverse defendant. *Id*. at 462-63. The Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on the nondiverse defendant. *Id. (citing Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). This means that there must be a reasonable possibility of recovery, not merely a theoretical one. *Id.* The standard for evaluating a claim of

---

[1] The Fifth Circuit now officially refers to "fraudulent joinder" as "improper joinder." *See Melder v. Allstate Corp.*, 404 F.3d 328, 329 (5th Cir. 2005). However, the term "fraudulent joinder" is still used in many Fifth Circuit cases.

improper joinder is similar to that used in evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id.* The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6), because the Court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for his or her claim. *Id.* (*citing Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003); *see also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). In conducting this inquiry, the Court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 649. In addition, the Court must resolve all ambiguities of state law in favor of the nonremoving party. *Id.*

**III. DISCUSSION**

    **A.**    **06-6387: Delta Coatings v. Insurance Underwriters**

Plaintiff Delta Coatings sued Fireman's Fund Insurance Company, its commercial property insurer, and Chris Paulin and Insurance Underwriters, its insurance agents, after plaintiff suffered damage as a result of Hurricane Katrina. Fireman's Fund, a foreign insurer with neither citizenship nor a principal

place of business in Louisiana, contends that Paulin and Insurance Underwriters, who are domiciled in Louisiana, are improperly joined because there is no reasonable basis on which plaintiff can state a claim under Louisiana law against its agents. Defendant asserts that Delta Coatings' claims against Paulin and Insurance Underwriters for failure to procure adequate coverage are peremuted by the terms of La. Rev. Stat. § 9:5606, a statute establishing peremptive periods for contract and tort actions brought against insurance agents. The statute provides as follows:

> No action for damages against any insurance agent . . . whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed . . . within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

La. Rev. Stat. § 9:5606. Under the express terms of the statute, regardless of whether plaintiffs sued within one year of discovering their cause of action, the claim is still peremuted if plaintiff does not bring it within three years of the act, omission, or neglect. La. Rev. Stat. § 9:5606. Further, peremptive statutes are not subject to suspension. *Reeder v.*

*North*, 701 So. 2d 1291 (La. 1997).

Based on the allegations set forth in plaintiff's state court petition, the Court finds that its claims against Paulin and Insurance Underwriters are perempted. The unrebutted evidence demonstrates that Delta Coatings' policy was initially issued in August 2001. (R. Doc. 1-2, at Def.'s Ex. B). The relevant portion of the policy to this dispute has not changed since its issuance, except to be renewed each successive year. (*Id.*). Plaintiff avers that one of its representatives was informed by Paulin at the time plaintiff purchased its policy that the policy would cover flood and "it was more than an ample monetary amount for its property should it be physically destroyed." (R. Doc. 1-2, at 5). However, upon learning after the storm that it allegedly did not have adequate flood insurance, Delta Coatings asserts that had "plaintiff been aware that it had not purchased flood insurance, it would have purchased it, and any available supplemental coverage." (*Id.* at 6). Since the gravamen of plaintiff's allegations are that misrepresentations were made in connection with the issuance of its commercial policy, the agents' alleged misconduct occurred in August 2001 when they sold plaintiff that policy. Plaintiff's subsequent renewals do not operate to restart peremption on torts committed at the time of initial purchase. *See Biggers v.*

*Allstate Ins. Co.*, 886 So. 2d 1179, 1182-83 (La. Ct. App. 2004); *Bel v. State Farm Mut. Auto. Ins. Co.*, 845 So. 2d 377, 382-83 (La. Ct. App. 2003); *see also Bordelon v. The Indep. Order of Foresters*, 2005 WL 3543815 at *3 (E.D. La. 2005). Delta Coatings' claims against Paulin and Insurance Underwriters, which were filed in state court on August 11, 2006, are therefore barred by the three-year peremption of La. Rev. Stat. § 9:5606. As such, the Court finds that plaintiff does not have a reasonable possibility of recovery against Paulin and Insurance Underwriters and that those defendants are improperly joined. The Court thus has jurisdiction over this matter.

### B.   06-7500: East Bank v. USI Gulf Coast

Plaintiff East Bank Primary Care Associates sued Valley Forge Insurance Company, its commercial property insurer, and Chris Casbarian and USI Gulf Coast, its insurance agents, after plaintiff suffered damage as a result of Hurricane Katrina. Valley Forge, a foreign insurer with neither citizenship nor a principal place of business in Louisiana, contends that Casbarian and USI Gulf Coast, who are domiciled in Louisiana, are improperly joined because there is no reasonable basis on which plaintiff can state a claim under Louisiana law against Casbarian or USI Gulf Coast. Defendant asserts that East Bank's claims against Casbarian and USI Gulf Coast for failure to procure

adequate coverage are perempted by the terms of La. Rev. Stat. § 9:5606. See text, *supra.*

Based on the allegations set forth in plaintiff's state court petition, the Court finds that its claims against Casbarian and USI Gulf Coast are perempted. The unrebutted evidence demonstrates that Bankers Insurance's policy was initially procured by USI Gulf Coast in December 2002. (R. Doc. 1-2, at Def.'s Ex. B; R. Doc. 22-2). The policy has not changed since its issuance, except to be renewed each successive year. (*Id.*). Plaintiff avers that Casbarian and USI Gulf Coast, when procuring East Bank's policy, negligently failed to ensure that each practicing physician at East Bank was a named insured under the policy and thus failed to obtain adequate coverage for each practicing physician at East Bank. (R. Doc. 1-2, at 6). Plaintiff specifically asserts in an affidavit from one of its constituent members that it informed Casbarian and USI Gulf Coast in late 2002 of its corporate structure and that it expressed its desire at that time to obtain coverage for each practicing physician. (R. Doc. 27-2). Plaintiff contends that it was not until after Hurricane Katrina struck that it became aware that the policy procured by Casbarian and USI Gulf Coast covered only East Bank, not its constituent members. (*Id.*). Because the basis of plaintiff's allegations are that defendants failed to

procure the proper coverage, the agents' alleged misconduct occurred in December 2002 when they sold plaintiff the allegedly deficient policy. Although plaintiff presents evidence that its representative spoke with Casbarian and USI Gulf Coast to renew the policy, that evidence provides no indication of any conduct by defendants that would restart peremption. Rather, plaintiff's evidence does not refute defendants' representation that there were no representations by defendants regarding the coverage under East Bank's policy after 2002, nor were there requests from plaintiffs to alter the status quo under the policy. *Compare Botnick v. Vigilant Ins. Co.*, 2006 WL 2947912 (E.D. La. Oct. 13, 2006) (finding that a 2004 reappraisal of plaintiff's property and attendant request for full flood insurance coverage based on the new value of the property could serve to restart peremption). It is well-established that subsequent renewals, without more, do not operate to restart peremption. *See Biggers*, 886 So. 2d at 1182-83 (peremptive period ran from the date of purchase because the renewal process did not afford the insurance agent the opportunity to make further misrepresentations about the policy); *Bel*, 845 So. 2d at 382-83 (same). Thus, East Bank's claims against Casbarian and USI Gulf Coast, which were filed in state court on August 24, 2006, are barred by the three-year peremption of La. Rev. Stat. § 9:5606. This result does not necessarily

reflect where the equities lie here, but is instead an unfortunate function of Louisiana's peremption statute. Nevertheless, the Court must conclude that plaintiff does not have a reasonable possibility of recovery against Casbarian and USI Gulf Coast and that those defendants are improperly joined. The Court thus has jurisdiction over this matter.

### C.   06-10753: Guice v. Allstate

Plaintiff Lee Guice sued Allstate, his homeowner's insurer, and Greg Doiron, his insurance agent, after plaintiff's condominium was damaged as a result of Hurricane Katrina. Allstate, a foreign insurer with neither citizenship nor a principal place of business in Louisiana, contends that Doiron, who is domiciled in Louisiana, is improperly joined because there is no reasonable basis on which plaintiff can state a claim under Louisiana law against Doiron.  Specifically, Allstate asserts that Guice's claims against Doiron have no substantive basis in Louisiana law.

Based on the allegations set forth in plaintiff's state court petition, the Court finds that there is an arguably reasonable basis to predict that Doiron might be held liable under Louisiana law.  Plaintiff asserts that Doiron failed to increase his policy limits until September 2005, even though plaintiff requested this action in July or early August 2005 so

that the coverage would be in place as early as possible during the hurricane season. (R. Doc. 1-2, at 3). As a result, plaintiff contends that he was underinsured and received payment from Allstate based on a policy with less coverage than he had requested. (*Id.*). It is well-established under Louisiana law that a plaintiff may recover for his insurance agent's failure to procure requested insurance coverage. The Louisiana Supreme Court has held: "An insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested coverage." *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730 (La. 1973). An insurance agent is more than a "mere order taker" for the insured. *Offshore Prod. Contractors, Inc. v. Republic Underwriters Ins. Co.*, 910 F.2d 224, 230 (5th Cir. 1990) (quoting *Durham v. McFarland, Gay and Clay Inc.*, 527 So.2d 403, 405 (La. Ct. App. 1988)). Citing *Karam*, the Fifth Circuit stated:

> In order to recover for a loss arising out of the failure of an insurance agent to obtain insurance coverage, the plaintiff must prove: (1) an undertaking or agreement by the insurance agent to procure insurance; (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance; and (3) actions by the agent warranting the client's

assumption that the client was properly insured. *Offshore Prod. Contractors*, 910 F.2d at 229.

Broadly construing plaintiff's petition in his favor, the Court cannot conclude that there is no reasonable probability that plaintiff can satisfy each of these three elements. As Guice's insurance agent of record, Doiron undoubtedly entered into an agreement with Guice to procure his insurance coverage. When an agent has reason to know the risks against which an insured wants protection and has experience with the types of coverage available in a particular market, "we must construe an undertaking to procure insurance as an agreement by the agent to provide coverage for the client's specific concerns." *Id.* (citing to several Louisiana appellate court decisions). In his petition, plaintiff alleges that Doiron failed to obtain requested coverage for his condominium. In response to this allegation, the defendants have produced no evidence, in the form of affidavits, deposition testimony, or even a copy of the applicable insurance policy, to contradict Guice's assertions or to establish undisputed facts. Furthermore, there is no evidence that Doiron ever notified plaintiff before Hurricane Katrina of his alleged failure to procure the requested homeowner's coverage. There is thus an arguably reasonable basis to predict that, if the allegations are true, Louisiana law might hold

Doiron liable for his failure to procure the requested insurance coverage.

Defendants, however, contend that even if Doiron owed a duty to the plaintiff, any claim arising from that duty is perempted under La. Rev. Stat. § 9:5606.  Defendants fail to provide any evidence as to peremption beyond a bald assertion in their notice of removal that plaintiff failed to file suit within one year of the date of the alleged wrongful act or omission.  (R. Doc. 1). This characterization of the applicable facts and law is far off the mark.  Section 9:5606 permits plaintiffs to bring an action against an insurance agent "within one year from the date that the alleged act, omission, or neglect is *discovered* or should have been *discovered*," so long as such discovery takes place within three years of the date that the alleged act, omission, or neglect took place.  La. Rev. Stat. § 9:5606 (emphasis added). Here, plaintiff alleges that he did not discover Doiron's purported failure to procure the requested coverage until his policy came up for renewal on September 25, 2005.  Once again, defendants do not present any evidence to rebut these allegations.  As plaintiff filed suit in state court on August 29, 2006, the Court finds that there is an arguably reasonable basis to predict that Louisiana law would hold Guice's claims against Doiron to be timely and not perempted by La. Rev. Stat. §

9:5606.

Finally, Allstate asserts that Doiron is improperly joined because Guice's claims against Allstate are unrelated to his claims against Doiron. Allstate relies on the Eleventh Circuit's decision in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). In *Tapscott*, the Eleventh Circuit found that when a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability, and when the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant, this can serve as a third type of fraudulent joinder in addition to the two identified in *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003).[2] In a similar factual context, this Court rejected an insurer's contention that claims against an insurance company and its agent arising from an alleged lack of coverage for damages sustained during Hurricane Katrina were improperly joined. *See Botnick*, 2006 WL 2947917, at *7. That decision was squarely in line with

---

[2] In *Ross*, the Fifth Circuit stated that fraudulent joinder may be established by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the nondiverse defendant. 344 F.3d at 461.

the holdings of other courts in this district faced with this issue. *See, e.g., Richmond v. Chubb Group of Ins. Cos.*, 2006 WL 2710566 (E.D. La. Sept. 20, 2006) (Africk, J.); *Radlauer v. Great N. Ins. Co.*, 2006 WL 1560791 (E.D. La. May 16, 2006) (Zainey, J.); *Schwartz v. Chubb & Sons, Inc.*, 2006 WL 980673 (E.D. La. Apr. 11, 2006) (Fitzwater, J.[3]). The Court finds no reason to reach a different result here. Therefore, Allstate has failed to carry its burden of demonstrating that joinder of Doiron was improper. The Court thus does not have jurisdiction on the basis of the diversity of the parties. *See* 28 U.S.C. § 1332. This action is remanded to state court.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiff's motion in Civ. Docket No. 06-10753, and DENIES plaintiffs' motions in Civ. Docket Nos. 06-6387 and 06-7500.

New Orleans, Louisiana, this 29th day of January, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[3] Judge Fitzwater sat by designation due to the recusal of plaintiff's colleagues in this District. 2006 WL 980673, at *1.